IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>DONNA M. KOZAK, and<br>RANDALL DAVID DUE,<br><br>              Defendants. | 8:12CR344<br><br>ORDER |

      This matter is before the court on the defendant's, Randall David Due (Due), Motion for Severance of Defendants or Counts of the Indictment (Filing No. 132). Donna Marie Kozak (Kozak) is charged in Count I of the Superseding Indictment with the corrupt endeavor to obstruct the administration of tax laws in violation of 26 U.S.C. § 7212(a) and in Count II with filing false claims in violation of 18 U.S.C. § 287. **See** Filing No. 55 - Superseding Indictment. Due and Kozak are generally charged in Counts III through IX with the filing of false liens against public officials in violation of 18 U.S.C. §§ 1521 and 3147. **See** *id.* Due seeks severance of the trial of the defendants for Counts III through IX from Counts I and II of the Superseding Indictment. **See** Filing No. 132 - Motion. Due filed a brief (Filing No. 133) in support of the motion. The government filed a brief (Filing No. 135) in opposition.

BACKGROUND

      In June 2012, Kozak attended a criminal tax trial captioned *United States v. Kleensang*. **See** Filing No. 55 - Superseding Indictment. Chief District Judge Laurie Smith Camp presided over *Kleensang*. *Id.* at 1. Assistant United States Attorney Douglas R. Semisch prosecuted the *Kleensang* case. *Id.* On September 14, 2012, Kozak and Due allegedly filed a false lien and encumbrance against Chief Judge Smith Camp. *Id.* at 3. Also in September 2012, Kozak filed a criminal complaint against Chief Judge Smith Camp. *Id.* at 1. District Judge John M. Gerrard dismissed Kozak's criminal complaint. *Id.* On October 17, 2012, a three-count indictment was filed against Kozak in relation to failing to file tax returns and filing false tax returns between 1997

and 2012, claiming a false refund on December 20, 2008, and filing a false lien and encumbrance in September 2012. **See** Filing No. 1 - Indictment. Assistant United States Attorney Michael P. Norris was the assigned prosecutor and Internal Revenue Service Special Agent Ashley Thompson investigated Kozak's tax returns. *Id.* On December 13, 2012, Due and Kozak filed false liens and encumbrances against Judge Gerrard, Ms. Gilg, Mr. Semisch, Mr. Norris, and Agent Thompson. *Id.* at 4-5.

On February 20, 2013, a superseding indictment was filed against Kozak and Due. **See** Filing No. 55 - Superseding Indictment. Generally, in the Superseding Indictment, Kozak is charged in Count I with obstructing and impeding the administration of internal revenue laws by failing to file tax returns and filing false trust tax returns between 1997 and 2012. *Id.* at 2. In Count II, Kozak is charged with presenting a false claim to the United States Treasury Department for a refund of taxes. *Id.* at 3. In Count III, Due and Kozak are charged with filing a false lien and encumbrance against Chief Judge Smith Camp. *Id.* In Count IV, Due and Kozak are charged with knowingly conspiring to file false liens and encumbrances against property of officers and employees of the United States while knowing the liens and encumbrances were false. *Id.* at 4. Lastly, in Counts V-IX, Due and Kozak are charged with filing false liens and encumbrances against Judge Gerrard, Ms. Gilg, Mr. Semisch, Mr. Norris, and Agent Thompson. *Id.* at 4-5.

On July 1, 2013, Due, through his counsel Jerry M. Hug,[1] filed a motion to sever because Due is not charged in Count I and II of the Superseding Indictment. **See** Filing No. 132 - Motion. Due argues the Superseding Indictment "does not show on its face a common conspiracy or scheme connecting all the acts or that all defendants participated in the same series of acts or transactions." **See** Filing No. 133 - Brief. Due contends there are no allegations of a connection between Due and Kozak during the time Kozak failed to file tax returns or filed false tax returns. *Id.* Additionally, Due argues prejudice would result from the jury being exposed to evidence and testimony regarding Kozak's counts. *Id.* Due contends he would be found guilty by association. *Id.*

---

[1] Jerry M. Hug was granted leave to withdraw as counsel on August 20, 2013. **See** Filing No. 179 - Text Minute Entry.

The government argues the Superseding Indictment alleges a common scheme which connects Counts I and II with Counts III through IX.  **See** Filing No. 135 - Response.  The government contends Counts I and II of the Superseding Indictment represent the initial phase of a continued scheme of harassment and intimidation perpetrated by Due and Kozak.  *Id.*  The government argues that scheme was furthered by the filing of false liens and encumbrances.  *Id.*  The government asserts although the counts identify different means by which the defendants perpetrated their harassment and intimidation, the common scheme running throughout was an endeavor to impede government officials.  *Id.*  The government argues Due's "guilty by association" argument is not looked favorably upon in the Eighth Circuit as it is presumed juries will follow jury instructions.  *Id.*  Nevertheless, the government argues Due has not shown what prejudice he would suffer and any prejudice Due might suffer would be outweighed by convenience and judicial economy and mitigated with jury instructions.  *Id.*

## ANALYSIS

Resolving a motion for severance involves two steps.  First, the district court determines whether Federal Rules of Criminal Procedure, Rule 8(b) sanctions a joint trial of defendants.  Second, the court determines whether, under Rule 14(a), a joint trial nevertheless appears to prejudice a defendant.  **See *United States v. Ruiz*,** 412 F.3d 871, 886 (8th Cir. 2005) (describing two-step process); Fed. R. Crim. P. 8(b), 14(a).  Rule 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).  "[I]t is not necessary that every defendant have participated in or be charged with each offense."  ***United States v. Jones***, 880 F.2d 55, 62-63 (8th Cir. 1989).  The propriety of joinder, pursuant to Fed. R. Crim. P. 8, is determined on the face of the indictment.  **See *United States v. Wadena***, 152 F.3d 831, 848 (8th Cir.

3

1998). Rule 8(b) is to be liberally construed in favor of joinder. **See** *Ruiz,* 412 F.3d at 886.

"The rule governing severance provides that once offenses have been properly joined, the district court may nonetheless order separate trials of the counts '[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses.'" ***United States v. Davis***, 103 F.3d 660, 676 (8th Cir. 1996) (**citing** Fed. R. Crim. P. 14). Rule 14(a) provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "A court will permit severance only upon a showing of real prejudice to an individual defendant." ***United States v. Payton***, 636 F.3d 1027, 1037 (8th Cir. 2011) (internal quotation omitted). "To grant a motion for severance, the necessary prejudice must be severe and compelling." ***United States v. Jenkins-Watts***, 574 F.3d 950, 967 (8th Cir. 2009). Severance is appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." ***United States v. Sanchez-Garcia***, 685 F.3d 745, 754 (8th Cir. 2012).

When read as a whole, the Superseding Indictment reflects a sequence of events connecting the defendants even though the defendants were involved at different points in the sequence. Although it is not alleged Due was involved with Kozak's tax issues charged in Counts I and II, Due's later involvement resulted from the filing of the original indictment against Kozak for those very same tax issues.

After trial in the *Kleensang* case, Due and Kozak allegedly filed a false lien and encumbrance against property of Chief Judge Smith Camp. After Kozak was indicted for allegedly filing false tax returns and refund request and failing to file tax returns, Kozak and Due allegedly filed false liens and encumbrances against Mr. Norris, the assigned prosecutor, and Agent Thompson, the investigating officer into Kozak's tax returns. Kozak and Due also allegedly filed false liens and encumbrances against Judge John M. Gerrard, Mr. Semisch, and Ms. Gilg who were involved in the *Kleensang* case and Kozak's filing of a criminal complaint against Chief Judge Smith Camp. A

8:12-cr-00344-JFB-TDT Doc # 202 Filed: 10/01/13 Page 5 of 5 - Page ID # 774

connection exists between Kozak's tax-related prosecution and the filing of liens and encumbrances. The Superseding Indictment sufficiently alleges Due and Kozak "participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." It is unnecessary for Due to be named in all counts in the Superseding Indictment. The court finds joinder is proper.

Having found that joinder is proper under Rule 8(b), the court considers whether Due would suffer prejudice under Rule 14. Due only makes the bare assertion he would suffer prejudice and makes no showing of any real prejudice. There is no indication Due would suffer "severe and compelling" prejudice to justify severance under Rule 14. If necessary, the court will properly instruct the jury to judge the defendants individually. **See *United States v. Spotted Elk***, 548 F.3d 641, 658 (8th Cir. 2008) (stating a preference to respond with some less drastic measure such as a curative instruction instead of severance); ***United States v. Delpit***, 94 F.3d 1134, 1144 (8th Cir. 1996) ("[Courts] presume . . . that juries can and do follow instructions conscientiously, evaluate evidence carefully, and judge defendants individually."). Accordingly,

**IT IS ORDERED**:

The defendant's Motion for Severance of Defendants or Counts of the Indictment (Filing No. 132) is denied.

**ADMONITION**

Pursuant to NECrimR 59.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 1st day of October, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge