IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:12CR344 |
| vs. | ORDER AND |
| DONNA M. KOZAK, | FINDINGS AND RECOMMENDATION |
| Defendant. | |

This matter is before the court on the defendant's, Donna M. Kozak (Kozak), motions. Kozak filed two motions to dismiss, two motions to sever, and a motion for bill of particulars. **See** Filing Nos. 217, 219, 221, 241, and 243. Kozak is charged in Count I of the Superseding Indictment with the corrupt endeavor to obstruct the administration of tax laws in violation of 26 U.S.C. § 7212(a) and in Count II with filing a false claim for a refund in violation of 18 U.S.C. § 287. **See** Filing No. 55 - Superseding Indictment. Kozak and co-defendant, Randall David Due (Due), are generally charged in Counts III through IX with the filing of false liens and encumbrances against public officials in violation of 18 U.S.C. §§ 1521 and 3147 and a conspiracy to file such liens and encumbrances in violation of 18 U.S.C. § 1521. **See** *id.*

Although the court appointed Kozak stand-by counsel, Kozak proceeded *pro se* in this case until November 27, 2013. When Kozak proceeded *pro se*, she filed three motions. Kozak filed motions to sever the co-accused (Filing No. 217) and counts (Filing No. 219) with briefs (Filing No. 218 and 220) in support. The government filed a brief (Filing No. 229) and supplemental brief (Filing No. 267) in opposition. Kozak also filed a motion to dismiss on the grounds the court and federal employees violated the Federal Rules of Criminal Procedure (Filing No. 221) with a brief (Filing No. 222) in support. The government filed a brief (Filing No. 227) in opposition.

After Kozak was assigned counsel on November 27, 2013, Kozak, through counsel, filed a motion for a bill of particulars (Filing No. 241) with a brief (Filing No. 242) in support. The government filed a response (Filing No. 251) in opposition. Kozak also filed a motion to dismiss (Filing No. 243) with a brief (Filing No. 244) in support. The government filed a brief (Filing No. 250) in opposition.

The court held an evidentiary hearing on Kozak's motions on December 19, 2013. Kozak was present for the hearing along with her counsel, David R. Stickman. The United States was represented by Trial Attorneys for the Department of Justice Brain D. Bailey and Matthew R. Hoffman. The court heard argument from the parties and took judicial notice of the Superseding Indictment and the docket entries in this case. A transcript (TR.) of the hearing was prepared and filed on December 30, 2013. **See** Filing No. 262. The court ordered post-hearing briefs were due ten days after the conclusion of the evidentiary hearing. On January 6, 2014, the government filed a post-hearing brief (Filing No. 267). Kozak did not file a post-hearing brief.

## FINDINGS OF FACT

In June 2012, Kozak attended a criminal tax trial captioned *United States v. Kleensang*. **See** Filing No. 55 - Superseding Indictment. Chief District Judge Laurie Smith Camp (Chief Judge Smith Camp) presided over *Kleensang*. *Id.* at 1. Assistant United States Attorney Douglas R. Semisch (AUSA Semisch) was the assigned prosecutor in *Kleensang*. *Id.* In September 2012, Kozak filed a criminal complaint against Chief Judge Smith Camp that District Judge John M. Gerrard (Judge Gerrard) dismissed on October 30, 2012. *Id.* Also in September 2012, following the trial in *Kleensang*, Kozak and Due allegedly filed a false lien and encumbrance against Chief Judge Smith Camp. *Id.* at 3. On October 17, 2012, a three-count indictment was filed against Kozak for failing to file tax returns and filing false tax returns between 1997 and 2012, claiming a false refund on December 20, 2008, and filing a false lien and encumbrance in September 2012. **See** Filing No. 1 - Indictment. Assistant United States Attorney Michael P. Norris (AUSA Norris) was the assigned prosecutor and Internal Revenue Service Special Agent Ashley Thompson (Agent Thompson) investigated Kozak's tax returns. **See** Filing No. 55 - Superseding Indictment. On December 13, 2012, Kozak and Due allegedly filed false liens and encumbrances against Judge Gerrard, United States Attorney Deborah R. Gilg (USA Gilg), AUSA Semisch, AUSA Norris, and Agent Thompson. *Id.* at 4-5.

On February 20, 2013, a superseding indictment was filed against Kozak and Due. **See** Filing No. 55 - Superseding Indictment. In Count I, Kozak is charged with violating 26 U.S.C. § 7212(a) for:

2

> [C]orruptly endeavor[ing] to obstruct and impede the due administration of the internal revenue laws by not filing federal individual income tax returns and by committing acts, including, but not limited to, the following:
> a. transferring and maintaining income and assets in the names of nominee entities, including Transportation Trust, Wheatfields, and Shomabar Foundation;
> b. applying to the [Internal Revenue Service (IRS)] for a non-profit designation of Shomabar Foundation and later filing a tax return showing no tax liability for Shomabar Foundation;
> c. claiming refunds of federal tax on behalf of her husband and herself by using, at various times, IRS Forms I 041 (trust returns), IRS Forms 4852 (substitutes for wage statements), and IRS Forms 1099-OID (reports of interest income);
> d. sending harassing correspondence to IRS revenue officers, IRS special agents, and other government officials;
> e. filing false liens against the property interests of IRS Special Agent Ashley Thompson and others.

*Id.* at 2. In Count II, Kozak is charged with the December 20, 2008, presentation of a false claim to the United States Treasury Department for a refund of taxes in the amount of $660,000.18 in violation of 18 U.S.C. § 287. *Id.* at 3. In Count III, Kozak and Due are charged with knowingly filing a false lien and encumbrance against Chief Judge Smith Camp. *Id.* In Count IV, Kozak and Due are charged with conspiring to file false liens and encumbrances against property of officers and employees of the United States while knowing the liens and encumbrances were false. *Id.* at 4. Lastly, in Counts V through IX, Kozak and Due are charged with knowingly filing false liens and encumbrances against Judge Gerrard, USA Gilg, AUSA Semisch, AUSA Norris, and Agent Thompson. *Id.* at 4-5.

## LEGAL ANALYSIS

**A.    Motions to Dismiss**

    **1.    Motion to Dismiss for Violations Regarding Federal Rules of Criminal Procedure (Filing No. 221)**

Kozak argues the court should dismiss the Superseding Indictment because of invalid and fraudulent complaints and arrest warrants. **See** Filing No. 221 - Motion;

Filing No. 222 - Brief. Kozak generally argues her arrests were improper under Federal Rule of Criminal Procedure (Fed. R. Crim. P.) Rules 3 and 4 because the arrests were not conducted pursuant to a complaint. **See** Filing No. 222 - Brief p. 4-10.

Under Fed. R. Crim. P. 9, Arrest Warrant or Summons on an Indictment or Information,

> **(a) Issuance.** The court must issue a warrant--or at the government's request, a summons--for each defendant named in an indictment or named in an information if one or more affidavits accompanying the information establish probable cause to believe that an offense has been committed and that the defendant committed it.
> **(b) Form.**
> > **(1) Warrant.** The warrant must conform to Rule 4(b)(1) except that it must be signed by the clerk and must describe the offense charged in the indictment or information.

Fed. R. Crim. P. 9. Fed. R. Crim. P. 4(b)(1) provides:

> **(1) Warrant.** A warrant must:
> > **(A)** contain the defendant's name or, if it is unknown, a name or description by which the defendant can be identified with reasonable certainty;
> > **(B)** describe the offense charged in the complaint;
> > **(C)** command that the defendant be arrested and brought without unnecessary delay before a magistrate judge or, if none is reasonably available, before a state or local judicial officer; and
> > **(D)** be signed by a judge.

Fed. R. Crim. P. 4(b)(1).

An individual who has violated conditions of release, is subject to revocation of release. **See** 18 U.S.C. § 3148(a). "A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section." **See** 18 U.S.C. § 3148(b).

Kozak's arrests were proper under the Federal Rules of Criminal Procedure and the United States Code. Kozak's first arrest occurred on October 18, 2012, pursuant to an arrest warrant issued as a result of the Indictment filed on October 17, 2012. **See** Filing No. 1 - Indictment; Filing No. 11 - Executed Arrest Warrant (Sealed). The arrest warrant comports with Fed. R. Crim. P. 4 and 9. **See** Fed. R. Crim. P. 4 and 9. The

4

arrest warrant included Kozak's name and a description of the charges against Kozak. **See** Filing No. 4 - Arrest Warrant (Sealed). Additionally, the arrest warrant required Kozak be brought before a United States magistrate judge without unnecessary delay and was signed by the Clerk of the Court. **See** *id.* Kozak's initial appearance occurred two days later on October 19, 2012. **See** Filing No. 12 - Text Minute Entry. Therefore, Kozak's first arrest was proper.

Kozak's second arrest on January 8, 2013, occurred because Kozak violated the conditions of her release. On October 19, 2012, the court released Kozak on certain conditions. **See** Filing No. 14 - Order Setting Conditions of Release (Sealed). Kozak was advised a violation of the conditions of release may result in the issuance of an arrest warrant. **See** *id.* at 5. Kozak's signature indicated her acknowledgment of the conditions of her release. **See** *id.* On January 3, 2013, Kozak's pretrial services officer submitted a Petition for Action on Conditions of Pretrial Release reporting Kozak violated the conditions of her release. **See** Filing No. 29 - Petition. As a result, the court issued a warrant for Kozak's arrest under 18 U.S.C. § 3148. **See** Filing No. 30 - Arrest Warrant (Sealed). The arrest warrant included the reason for Kozak's arrest and was signed by the Clerk of the Court's Deputy Clerk. **See** *id.* Therefore, Kozak's second arrest was proper. Accordingly, Kozak's challenges against the arrest warrants are unfounded and the court recommends Kozak's Motion to Dismiss for Violations Regarding Federal Rules of Criminal Procedure (Filing No. 221) be denied.

### 2. Motion to Dismiss (Filing No. 243)

Kozak moves to dismiss Count I on grounds of duplicity, failure to state a crime, and violation of the statute of limitations and Counts III through IX on the ground of multiplicity. **See** Filing No. 243 - Motion.

    **a.    Count I**

        **i.    Duplicity**

Kozak argues Count I charges her under 26 U.S.C. § 7212(a)'s intimidation clause and omnibus clause in violation of the prohibitions against duplicity. **See** Filing No. 244 - Brief. Kozak argues subsections (a), (b), and (c) of Count I allege violations of 26 U.S.C. § 7212(a)'s omnibus clause while subsections (d) and (e) allege violations of 26 U.S.C. § 7212(a)'s intimidation clause. *Id.* at 2-3. Kozak contends the

5

government is attempting to join charges for two separate offenses in Count I. *Id.* at 3. Kozak argues a jury may convict her without unanimous agreement as to whether she is guilty of activities alleged in subsections (a) through (c) or activities alleged in subsections (d) and (e). *Id.*

"Duplicity is the joining in a single count of two or more distinct and separate offenses. The principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense." ***United States v. Street***, 66 F.3d 969, 974 (8th Cir. 1995) (internal quotation and citation omitted). Under 26 U.S.C. § 7212(a), an individual may be prosecuted if he or she:

> [C]orruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title. . . . The term "threats of force", as used in this subsection, means threats of bodily harm to the officer or employee of the United States or to a member of his family.

26 U.S.C. § 7212(a). Courts recognize 26 U.S.C. § 7212(a) has two distinct clauses. **See *United States v. Pansier***, 576 F.3d 726, 734 (7th Cir. 2009) (discussing distinction); ***United States v. Lovern***, 293 F.3d 695, 700 & n.5 (4th Cir. 2002); ***United States v. Bowman***, 173 F.3d 595, 598 (6th Cir. 1999); ***United States v. Kassouf***, 144 F.3d 952, 955 (6th Cir. 1998); ***United States v. Kelly***, 147 F.3d 172, 175 (2d Cir. 1998).

> The first clause[, the so-called intimidation clause,] prohibits specific threats against an officer or employee of the United States designed to intimidate or impede that officer's administration of the tax code, while the second clause, the so-called "omnibus clause," is aimed at all other activities which may obstruct or impede the administration of the code.

*Pansier*, 576 F.3d at 734.

Kozak incorrectly categorizes subsections (d) and (e) of Count I as allegations arising under 26 U.S.C. § 7212(a)'s intimidation clause. Count I alleges conduct under the omnibus clause and does not allege the threat of force or threat of bodily harm. Therefore, Count I does not charge Kozak with two distinct and separate offenses.

6

### ii.     Failure to state a crime

Kozak asserts Count I fails to state a crime because Kozak did not act corruptly or obstruct the due administration of the internal revenue laws.  **See** Filing No. 244 - Brief p. 4.  Kozak contends "corruptly" refers to efforts to secure financial gain.  *Id.*  Kozak argues she "was less conducting any activity in order to secure financial gain and more conducting her activities in order to protest against the government."  *Id.* at 4-5.  Kozak argues her alleged activities also did not obstruct the due administration of the internal revenue laws because Kozak's activities are alleged to have occurred before Kozak knew of an IRS investigation and activities related to charges under the intimidation clause are not relevant to due administration considerations.  *Id.* at 5-8.

Count I tracks the language of 26 U.S.C. § 7212(a) and sufficiently alleges the essential elements of 26 U.S.C. § 7212(a).  **See** *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013) ("An indictment which 'tracks the statutory language' is ordinarily sufficient.").  Kozak's evidentiary challenge to Count I is premature.  Whether Kozak performed her alleged activities for a corrupt purpose or to obstruct the due administration of the internal revenue laws are issues for trial.  **See** *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) ("[S]o long as the indictment contains a facially sufficient allegation of [elements of the crime], federal criminal procedure does not provide for a pre-trial determination of sufficiency of the evidence.") (internal quotation omitted).  Regardless of prematurity, 26 U.S.C. § 7212(a) does not include as an element whether the individual knows of a pending IRS investigation.  **See** 26 U.S.C. § 7212(a).  Thus, Kozak's contention the government failed to allege Kozak knew of an IRS investigation is immaterial to the allegation.  Additionally, Kozak's argument that allegations under the intimidation clause are irrelevant to due administration challenges is misplaced, because, as stated above, Count I charges Kozak with violations under 26 U.S.C. § 7212(a)'s omnibus clause and not the intimidation clause.

### iii.     Statute of limitations

Kozak argues the Superseding Indictment attempts to charge Kozak with activities over a fifteen-year period which exceeds the applicable three-year statute of limitations set forth in 26 U.S.C. § 6531.  **See** Filing No. 244 - Brief p. 8-9.  Kozak argues the alleged 26 U.S.C. § 7212(a) violations should be considered individual overt

acts and not a continuing course of conduct extending the statute of limitations starting point. *Id.* Kozak contends the exception to the three-year statute of limitations under 26 U.S.C. § 6531(6), which sets forth a six-year statute of limitations, does not apply to alleged omnibus clause violations because the parenthetical in 26 U.S.C. § 6531(6) limits the extension to allegations related to intimidation of officers and employees of the United States. *Id.* at 9-12.

Under 26 U.S.C. § 6531, there is a three-year statute of limitations for various offenses arising under the internal revenue laws. **See** 26 U.S.C. § 6531. However, "the period of limitation shall be 6 years-- for the offense described in section 7212(a) (relating to intimidation of officers and employees of the United States)[.]" 26 U.S.C. § 6531(6). The parenthetical in 26 U.S.C. § 6531(6) appears to limit the extension to intimidation clause violations; however, the Eighth Circuit has not addressed the application of 26 U.S.C. § 6531(6) to 26 U.S.C. § 7212(a). Courts in other circuits have held the six-year limitations period under 26 U.S.C. § 6531(6) applies to both the intimidation and omnibus clauses of 26 U.S.C. § 7212(a). **See *United States v. Kelly***, 147 F.3d 172, 177 (2d Cir. 1998); ***United States v. Kassouf***, 144 F.3d 952 (6th Cir. 1998); ***United States v. Wilson***, 118 F.3d 228, 236 (4th Cir. 1997); ***United States v. Workinger***, 90 F.3d 1409 (9th Cir. 1996).

Regardless of whether the three- or six-year statute of limitations applies, as long as one of Kozak's acts falls within the three-year period, the charges in the Superseding Indictment are timely because "the offense of tax evasion is a continuing offense . . . and the statute of limitations does not start to run until the last affirmative act of evasion committed by the defendant." ***United States v. Perry***, 4:11CR106, 2011 WL 7277563, at *11 (E.D. Mo. Oct. 26, 2011) report and recommendation adopted, S1-4:11CR00106AGF, 2012 WL 447311 (E.D. Mo. Feb. 13, 2012) **aff'd**, 714 F.3d 570 (8th Cir. 2013) (**citing *United States v. Marchant*,** 774 F.2d 888, 891 (8th Cir. 1985); ***United States v. Ferris***, 807 F.2d 269, 271 (1st Cir. 1986)); **see also *United States v. Anderson***, 319 F.3d 1218, 1219 (10th Cir. 2003) ("[W]hen a defendant commits a series of evasive acts over several years after incurring a tax liability, the statute of limitations begins to run on the date of the last evasive act."). The Indictment against Kozak was filed October 17, 2012. **See** Filing No. 1 - Indictment. Assuming the three-year statute of limitations applies, the limitations period began October 17, 2009. Count

I of the Superseding Indictment alleges acts from 1997 to on or about December 13, 2012.  **See** Filing No. 55 - Superseding Indictment.  The statute of limitations period began to run on the date of Kozak's last alleged act, which, according to the Superseding Indictment, was December 13, 2012.  Therefore, Count 1 alleges acts within the three- and six-year statute of limitations.

### b.   Counts III-IX

Kozak argues Counts III through IX allege multiple counts of the same statutory violation and the facts underlying each count constitute a single unit of prosecution.  **See** Filing No. 244 - Brief p. 12-18.  Kozak argues charging her in multiple counts for the same act violates the Fifth Amendment's protections against double jeopardy.  *Id.*  In support of Kozak's single unit of prosecution theory, Kozak contends the word "any" in 18 U.S.C § 1521 should be read as "any and all," thus violations of the statute should be charged in a single count.  *Id.*  Kozak asserts legislative history shows Congress intended to charge violations of 18 U.S.C § 1521 in a single unit of prosecution.  *Id.*  Kozak argues "any" creates an ambiguity and because of this purported ambiguity, this court should apply the rule of lenity and resolve any doubt as to Congress's intent in Kozak's favor.  *Id.*

"The rule against multiplicitous prosecutions is based on the Fifth Amendment's Double Jeopardy Clause, which protects against multiple punishments for the same offense."  ***United States v. Hinkeldey***, 626 F.3d 1010, 1013 (8th Cir. 2010) (internal quotation marks omitted).  "An indictment is multiplicitous if it charges the same crime in two counts."  ***United States v. Chipps***, 410 F.3d 438, 447 (8th Cir. 2005).  "Where the same statutory violation is charged in multiple counts, the question is whether Congress intended the facts underlying each count to make up a separate unit of prosecution."  ***United States v. Grimes***, 702 F.3d 460, 468 (8th Cir. 2012) (internal quotation marks omitted).  "The first item we look to when attempting to decipher Congress's intent is the statutory language."  ***Chipps***, 410 F.3d at 448.

18 U.S.C. § 1521 provides:

> Whoever files, attempts to file, or conspires to file, in any public record or in any private record which is generally available to the public, any false lien or encumbrance against the real or personal property of an individual

9

>    described in section 1114, on account of the performance of official duties by that individual, knowing or having reason to know that such lien or encumbrance is false or contains any materially false, fictitious, or fraudulent statement or representation, shall be fined under this title or imprisoned for not more than 10 years, or both.

18 U.S.C. § 1521.

Counts III through IX are not multiplicitous. Count IV is not multiplicitous of Counts III and V through IX. Count IV charges Kozak and Due for engaging in a conspiracy to file false liens and encumbrances and does not recharge Kozak for the act of filing false liens and encumbrances.

Counts III and V through IX charge Kozak with filing six false liens against six different individuals. **See** Filing No. 55 - Superseding Indictment. Counts III and V through IX allege six separate violations. There is no language in 18 U.S.C. § 1521 suggesting filing of multiple false liens should be charged under a single count. **See** *Hinkeldey*, 626 F.3d at 1014 ("There is a substantial argument that the court should reject a reading that would punish an offender in possession of thousands of illicit images in the same manner as an individual in possession of a single image."). Use of the word "any" does not automatically render 18 U.S.C. § 1521 ambiguous, as Kozak argues, and allow the court to add the words "and all" to accommodate Kozak's erroneous interpretation of the statute. **See** *Hinkeldey*, 626 F.3d at 1014 ("The term 'any' does not obviously suggest a single unit of prosecution[.]"). Even assuming the court is required to look past the statutory language, Kozak points to no authority supporting her argument 18 U.S.C. § 1521 is ambiguous or that "any" would mean "any and all." The legislative history Kozak references is silent about whether violations should be charged as a single or multiple unit of prosecution. **See** *Hinkeldey*, 626 F.3d at 1013 ("[Defendant's] double jeopardy challenge to the separate possession counts must fail, because it is not 'clear' or 'obvious' under current law that Congress intended that conduct like [Defendant's] make up a single unit of prosecution."). "Any," as used in 18 U.S.C. § 1521, appears to refer to the range of false liens and encumbrances an individual could file in the wide range of public or private records and not the unit of prosecution. The statute also uses "individual" in the singular, which seemingly confines a charge for filing any false lien or encumbrance against a particular individual to a single count. The court will not extend words importing a singular number to apply

10

to multiple individuals.  **See** ***First Nat'l Bank in St. Louis v. State of Missouri at inf. Barrett***, 263 U.S. 640, 657 (1924) (rejecting "rule that words importing the singular number may extend and be applied to several persons or things").  Had Congress intended to charge the filing of multiple false liens and encumbrances against multiple individuals in a single count, Congress likely would have added the word "individuals" to the statute.

Accordingly, the court recommends Kozak's Motion to Dismiss (Filing No. 243) be denied.

**B.     Motion for Bill of Particulars**

Kozak argues Counts I and IV of the Superseding Indictment lack specificity because Count I does not provide the precise dates of Kozak's activities and Count IV does not identify the individuals subject to the alleged false liens.  **See** Filing No. 241 - Motion.  Kozak argues specific dates of Kozak's activities are important to determine whether the statute of limitations bars prosecution.  **See** Filing No. 242 - Brief p. 2-3.  Kozak contends without additional information detailing the individual subjects of the alleged false liens in Count IV, Kozak cannot adequately prepare for trial or determine whether Count IV overlaps with other counts.  *Id.* at 3-4.

In response, the government argues Kozak's request for a bill of particulars is untimely.  **See** Filing No. 251 - Response p. 1.  The government states Kozak was arraigned on March 28, 2013, and had fourteen days thereafter to file a motion for bill of particulars under Fed. R. Crim. P. 7(f).  *Id.*   The government argues Kozak may only proceed with this motion at this time with the permission of the court, which Kozak did not show she received.  *Id.*  Regardless, the government argues Kozak misstates the applicable statute of limitations period and the government does not need to provide specific dates for activities alleged in Count I.  *Id.* at 2-3.  However, the government states it provided discovery materials covering all of the specific items referenced in Count I's five subsections and therefore Kozak is sufficiently informed of the nature of the charges against her.  *Id.*  Additionally, the government states Count IV charges Kozak with conspiracy to file the false liens and is not repetitive of Counts III and V through IX.  *Id.* at 3.  The government argues the conspiracy charge does not require the same level of specificity as the government used in Counts III and V through IX.  *Id.*

The fundamental purpose of a bill of particulars is to inform the defendant of the nature of the charges against him, to prevent or minimize the element of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite. **See** *United States v. Beasley*, 688 F.3d 523, 532 (8th Cir. 2012); *United States v. Bowie*, 618 F.3d 802, 817 (8th Cir. 2010). The court has broad discretion in granting or denying a bill of particulars. **See** *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011). "The Court must strike a 'prudent balance' between the legitimate interest of the government and the Defendant." *United States v. Nelson*, No. 11-40037, 2011 WL 2160471, at *1 (D. S.D. June 01, 2011) (**quoting** *United States v. MacFarlane*, 759 F. Supp. 1163, 1169 (W.D. Pa. 1991)). The court, in its discretion, may order the government to provide requested supplementary details where the indictment fails sufficiently to advise the defendant of the charges and to enable him to prepare a defense. **See, e.g.,** *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986); *United States v. Hill*, 589 F.2d 1344, 1351-52 (8th Cir. 1979). However a bill of particulars is not a proper tool for discovery. **See** *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009); **see also** *United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006). It is not to be utilized to provide itemized disclosure of the government's evidence at trial. **See** *Huggans*, 650 F.3d at 1220.

Additionally, in *United States v. Cole*, 707 F. Supp. 999 (N.D. Ill. 1989), the court, in denying a defendant's motion for a bill of particulars in a prosecution for a drug distribution conspiracy, explained:

> In evaluating the need for a bill of particulars, the court must determine whether the indictment adequately sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial. Even if the indictment itself does not contain enough information to permit a defendant to prepare his defense, the government may obviate the need for a bill of particulars by disclosing additional details about the charges during discovery.

*Cole*, 707 F. Supp. at 1001 (internal citation omitted). Further, other courts, when considering a defendant's request for a bill of particulars, have denied such a request where substantial discovery materials have been provided. **See** *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990); *United States v. Savides*, 661 F. Supp.

1024, 1028 (N.D. Ill. 1987), **aff'd sub nom.** *United States v. Pace*, 898 F.2d 1218 (7th Cir. 1990); *United States v. Diaz*, 675 F. Supp. 1382, 1390 (E.D.N.Y. 1987), **aff'd**, 878 F.2d 608 (2d Cir. 1989); *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir.), **modified on other grounds**, 801 F.2d 378 (11th Cir. 1986). "A bill of particulars is not required when information needed for a defendant to prepare for trial can be obtained through some other satisfactory form, such as where the government has an open-file policy or has otherwise disclosed the information to the defendant." *United States v. Norman*, No. 4:10CR59, 2011 WL 2678821, at *2 (E.D. Ark. June 30, 2011). Thus a bill of particulars should not issue where the specifics requested by the defendant are readily available elsewhere. **See** *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).

Upon review of the Superseding Indictment and the representations made by the government regarding the extent of discovery made available in this matter, the court finds a bill of particulars detailing evidence under Counts I and IV is not warranted. Under Count I, there are five subsections providing sufficient detail of the charges against Kozak. **See** Filing No. 55 - Superseding Indictment. Specifically, Count I provides the entities Kozak allegedly used to transfer and maintain income and assets, the entities involved in the application for non-profit status, the names and form numbers of the three IRS forms used to claim allegedly false refunds, three categories of recipients of harassing correspondence, and the identity of a victim of a false lien. **See** *id.* Further, according to the government, Kozak has discovery materials with additional information underlying the allegations in Count I. Kozak should be able to obtain any relevant information concerning the dates involved in Count I from the discovery materials.

The Superseding Indictment also sufficiently provides Kozak notice of the nature of the conspiracy charge in Count IV. The government is not required to allege with specificity the conspiracy charge. **See** *United States v. Taylor*, 163 F.3d 604 (8th Cir. 1998) ("[A]n indictment for conspiring to commit an offense in which the conspiracy is the gist of the crime may be less technically precise than an indictment for the substantive offense.") (**citing** *Wong Tai v. United States*, 273 U.S. 77, 81 (1927) ("[I]t is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy, or to state such object

13

with the detail which would be required in an indictment for committing the substantive offense.") (internal citation omitted). Further, the corresponding counts for the substantive offenses provide Kozak information on the underlying acts of the conspiracy allegation. Accordingly, the Motion for Bill of Particulars (Filing No. 241) is denied.

**C.     Motions to Sever**

Kozak moves to sever Counts I and II from each other and from Counts III through IX and also to sever Kozak's case from the co-defendant, Due. **See** Filing No. 217 - Motion to Sever Co-Accused; Filing No. 219 - Motion to Sever Counts. Kozak generally argues the court should sever several of the counts because the complexity of taxes, liens, encumbrances, and multiple activities over multiple years will impair the jury's ability to properly compartmentalize the evidence. **See** Filing No. 220 - Brief. Kozak contends the time separation between her alleged activities and the different character of her activities requires severance of the counts. *Id.* Kozak asserts her tax and lien activities are separate, unrelated transactions. *Id.* Kozak argues she will be exposed to undue prejudice if the jury transfers guilt from one count to another. *Id.* Kozak contends the public has strong feelings about the collection of income taxes and such feelings may affect a jury's ability to fairly consider the charges related to the filing of false liens in light of the tax charges. **See** Filing No. 262 - TR. 21-23.

Regarding Kozak's motion to sever the co-defendant, Kozak argues if Kozak and Due are tried together, Kozak will suffer undue prejudice because of Due's unpredictability and prolific misunderstanding of the law and issues in this case. **See** Filing No. 262 - TR. 12-15. Kozak contends Due's "bold" personality and potential for disruption will prevent Kozak from receiving a fair trial. **See** Filing No. 218 - Brief. Kozak argues admonitions and instructions would inadequately curtail Due's conduct and the prejudice his conduct will inflict on her case. *Id.* Kozak also argues a joint trial may present a ***Bruton*** issue. *Id.*

The government relies on the court's previous order denying Due's motion to sever wherein the court determined Counts I and II are properly joined with Counts III through IX and maintains all counts of the Superseding Indictment are properly joined. **See** Filing No. 229 - Response (**citing** Filing No. 202 - Order). Regarding severing the co-defendant, the government argues the inconvenience and expense of separate trials

weighs heavily in favor of a joint trial, particularly where the defendants have conspired. **See** Filing No. 267 - Supplemental Response p. 1. Further, the government contends Kozak has not shown a severe and compelling prejudice under Rule 14. **See** Filing No. 229 - Response p. 2. The government argues Due's involvement will be presented at Kozak's trial regardless of severance, therefore severing the defendants will not remove Due's "bold" personality. *Id.* The government asserts none of Due's past incidents with the court suggest he will disrupt trial in front of a jury. **See** Filing No. 267 - Supplemental Response p. 2.

Resolving a motion for severance involves two steps. First, the district court determines whether Federal Rules of Criminal Procedure, Rule 8(b) sanctions a joint trial of defendants. Second, the court determines whether, under Rule 14(a), a joint trial nevertheless appears to prejudice a defendant. **See** *United States v. Ruiz,* 412 F.3d 871, 886 (8th Cir. 2005) (describing two-step process); Fed. R. Crim. P. 8(b), 14(a). Rule 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). "[I]t is not necessary that every defendant have participated in or be charged with each offense." *United States v. Jones*, 880 F.2d 55, 62-63 (8th Cir. 1989); **see also** *United States v. Thompson*, 690 F.3d 977, 988 (8th Cir. 2012). The propriety of joinder, pursuant to Fed. R. Crim. P. 8, is determined on the face of the indictment. **See** *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998). Rule 8(b) is to be liberally construed in favor of joinder. **See** *Ruiz,* 412 F.3d at 886.

"The rule governing severance provides that once offenses have been properly joined, the district court may nonetheless order separate trials of the counts '[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses.'" *United States v. Davis*, 103 F.3d 660, 676 (8th Cir. 1996) (**citing** Fed. R. Crim. P. 14). Rule 14(a) provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials,

or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "A court will permit severance only upon a showing of real prejudice to an individual defendant." ***United States v. Payton***, 636 F.3d 1027, 1037 (8th Cir. 2011) (internal quotation omitted). "To grant a motion for severance, the necessary prejudice must be severe and compelling." ***United States v. Jenkins-Watts***, 574 F.3d 950, 967 (8th Cir. 2009). Severance is appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." ***United States v. Sanchez-Garcia***, 685 F.3d 745, 754 (8th Cir. 2012).

When read as a whole, the Superseding Indictment reflects a sequence of events connecting Kozak's tax charges under Counts I and II with the allegedly false liens Kozak filed as referenced in Counts III through IX. Filing the Indictment against Kozak for tax issues charged in Counts I and II prompted Kozak to file the liens. Additionally, the filing of the Indictment against Kozak precipitated Due's later involvement.

After the *Kleensang* trial, Kozak and Due allegedly filed a false lien and encumbrance against property of Chief Judge Smith Camp. After Kozak was indicted for filing the lien and encumbrance against Chief Judge Smith Camp, allegedly filing false tax returns and refund requests, and failing to file tax returns, Kozak and Due allegedly filed additional false liens and encumbrances against AUSA Norris, the assigned prosecutor, and Agent Thompson, the officer investigating Kozak's tax returns. Kozak and Due also allegedly filed false liens and encumbrances against Judge John M. Gerrard, AUSA Semisch, and USA Gilg who were involved in the *Kleensang* case and Kozak's filing of a criminal complaint against Chief Judge Smith Camp. A clear and logical connection exists between Kozak's tax-related prosecution and the filing of liens and encumbrances. The Superseding Indictment sufficiently alleges Kozak and Due "participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The Superseding Indictment also alleges Kozak and Due were co-conspirators, further supporting joinder. **See *United States v. Jarrett***, 684 F.3d 800, 804 (8th Cir. 2012) (citation omitted) ("Ordinarily, indicted coconspirators should be tried together, especially where the proof of conspiracy overlaps."). Therefore, joinder of the counts and defendants is proper under Fed. R. Crim. P. 8(b).

Having found joinder proper under Rule 8(b), the court considers whether Kozak would suffer undue prejudice from joinder of all counts and joinder with Due under Rule 14. Kozak has not shown she suffers "severe and compelling" prejudice from joinder of all counts. If necessary, to assist the jury in compartmentalizing the tax counts and the lien counts, the court will provide appropriate jury instructions. **See** *United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008) (stating a preference to respond with some less drastic measure such as a curative instruction instead of severance); *United States v. Delpit*, 94 F.3d 1134, 1144 (8th Cir. 1996) ("[Courts] presume . . . that juries can and do follow instructions conscientiously, evaluate evidence carefully, and judge defendants individually.").

Whether to sever Kozak's case from Due's raises unique considerations. "[I]t will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators." *United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002). "Even the existence of generally antagonistic defenses does not necessitate a severance." *United States v. Darden*, 70 F.3d 1507, 1527 (8th Cir. 1995). "Severance is not required merely because evidence that is admissible only against some defendants may be damaging to others." *United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004). "Where multiple defendants are tried together, the risk of undue prejudice is best cured through cautionary instructions to the jury." *United States v. Boone*, 437 F.3d 829, 838 (8th Cir. 2006). "[T]he mere fact that a codefendant is proceeding *pro se* is not in itself a ground for severance." *United States v. Jarrett*, 684 F.3d 800, 804 (8th Cir. 2012) (noting co-defendant's *pro se* status, which made the trial last longer and tried the jury's patience, did not establish an unfair prejudice).

Kozak has not presented evidence a **Bruton** issue exists, thus **Bruton** concerns do not support severance. However, Kozak has shown Due's conduct presents a severe and compelling prejudice to Kozak. The court finds severance is warranted not merely because Due is proceeding *pro se*, but because Due is an extremely disruptive *pro se* defendant. Due has demonstrated an extreme misunderstanding of the law and of the issues in this case. Due's refusal to follow court instructions, practice of making incoherent arguments in court, and filing of asinine motions which delay trial, present a severe and compelling prejudice to Kozak. Due's conduct will not only delay Kozak's ability to obtain a speedy trial, but his conduct during trial will likely unduly prejudice

Kozak's ability to obtain a fair trial and prevent the jury from making a reliable judgment about Kozak's guilt or innocence. The court is not convinced admonitions or instructions will control Due and the likely prejudicial effect of his conduct during a joint trial. Accordingly,

**IT IS ORDERED:**

1. Kozak's Motion for Bill of Particulars (Filing No. 241) is denied.
2. Kozak's Motion to Sever Counts (Filing No. 219) is denied.
3. Kozak's Motion to Sever Co-Accused (Filing No. 217) is granted.

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON**:

Kozak's motions to dismiss (Filing Nos. 221 and 243) be denied.

**ADMONITION**

Pursuant to NECrimR 59.2 any objection to this Order and Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order and Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 7th day of February, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge