IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>DONNA M. KOZAK and RANDALL DAVID DUE,<br><br>　　　　　Defendants. | 8:12CR344<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the court on (1) defendant Kozak's objection, Filing No. 298, to the Findings and Recommendation ("F&R") of the magistrate judge, Filing No. 291, recommending denial of her motions to dismiss for violation of the statute of limitations Filing Nos. 221 and 243; (2) defendant Kozak's objection to the magistrate judge's order, Filing No. 291, denying her motions for a bill of particulars and to sever counts, Filing Nos. 241 and 219; and (3) the government's objections, Filing No. 304, to that portion of the magistrate judge's order that grants defendant Kozak's motion to sever co-defendant Randall Due, Filing No. 217.

　　　　Kozak is charged in Count I of the Superseding Indictment with attempting to interfere with the administration of internal revenue laws in violation of 26 U.S.C. § 7212, in Count II with a false, fictitious, or fraudulent claim for a tax refund in violation of 18 U.S.C. § 287, and in Counts III to IX with retaliating against a Federal judge or Federal law enforcement officer by false claim in violation of 18 U.S.C. § 1521.[1]  The magistrate judge held a hearing on the motions on December 19, 2013.  Filing No. 255, minute entry, Filing No. 262, Transcript.

---

　　　　[1] Her co-defendant, Randall Due, is charged in Counts III to IX with violations of 18 U.S.C. § 1521.  Filing No. 55, Superseding Indictment at 3-5.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the record, including the transcript of the hearing. Filing No. 262. The court concludes that the defendant's objections to the F&R should be overruled, the government's objection to the F&R should be overruled, the magistrate judge's F&R should be adopted, the magistrate judge's order should be affirmed, and defendant Kozak's motions to dismiss should be denied.

I. FACTS

The facts are set forth in the magistrate judge's F&R and order and need not be repeated here. Filing No. 291, F&R and Order at 2-3. Briefly, the superseding indictment involves allegations that, after attending the criminal trial of *United States v. Kleensang* in June 2012, Kozak and co-defendant Randall Due filed a criminal complaint and false liens against the judge who presided over that case. On October 17, 2012, a three-count indictment was filed against Kozak for failing to file tax returns and filing false tax returns between 1997 and 2012, claiming a false refund on December 20, 2008, and filing a false lien and encumbrance in September 2012. *See* Filing No. 1, Indictment. Subsequent to the filing of that indictment, Kozak and Due allegedly filed false liens and encumbrances against another federal judge, several United States Attorneys and an IRS agent.

The magistrate judge rejected Kozak's statute-of-limitations challenge to the superseding indictment, finding that, although there is a statute of limitations of three years for certain violations of the Internal Revenue Code, the six-year limitations period under 26 U.S.C. § 6531(6) applies to both the intimidation and omnibus clauses of 26 U.S.C. § 7212(a). Further, the magistrate judge found that, regardless of whether the

three-year or six-year limitation applies, the statute of limitations begins to run on the date of the last evasive act in a series of evasive acts, which would have been in December of 2013. The magistrate judge denied the defendant's motion for a Bill of Particulars, finding that Count I of the superseding indictment contained five subsections providing sufficient detail of the charges against Kozak superseding indictment and the government had shown that Kozak had been provided discovery materials with additional information underlying the allegations. The magistrate judge also found that the government is not required to allege conspiracy with specificity and the superseding indictment sufficiently provides Kozak notice of the nature of the conspiracy charge. In addition, the magistrate judge denied the defendant's motion to sever counts, but granted her motion to sever her trial from that of her co-defendant Randall Due, who is proceeding pro se. He found that the counts and offenses had been properly joined under Fed. R. Crim. P. 8, but that the joinder of the defendants prejudiced the defendant under Fed. R. Crim. P. 14(a). The magistrate judge found that "Due's conduct presents a severe and compelling prejudice to Kozak," by virtue of pro se status, extreme misunderstanding of the law, disruptiveness, and refusal to follow court instructions.

Defendant Kozak first challenges the magistrate judge's recommendation that this court deny her motion to dismiss.[2] She also objects to the magistrate judge's denial of her motion to sever counts and her motion for a bill of particulars. In connection with the severance of counts, she argues that Counts I and II are improperly joined to

---

[2] She challenges the F&R only on that portion of the F&R that addresses the statute of limitations. She does not challenge the magistrate judge's recommendation to rejection of her motion to dismiss that was premised on failure to follow the Federal Rules of Criminal Procedure, duplicity, multiplicity, and failure to state a crime. The court will therefore adopt the magistrate judge's findings on those issues.

3

Counts III-IX because they are not part of the same transaction. The defendant's contentions with respect to the motion for a bill of particulars are related to her statute of limitations argument. She argues that specificity as the dates of the government's allegations will be necessary to determine the applicability of the statutory limitation under 26 U.S.C. § 6531, which limits prosecution to within three years after the commission of the offense. The government objects to the severance of the two defendants.

II. LAW

Magistrate judges are authorized to resolve "pretrial matter[s]" by order subject to review by district judges for clear error. 28 U.S.C. § 636(b)(1)(A). Dispositive motions, and certain other matters, may be submitted to a magistrate judge for a report and recommendation, which the district court then reviews *de novo*. See 28 U.S.C. § 636(b)(1)(B); *Gomez v. United States*, 490 U.S. 858, 873–74 (1989) (stating that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B)); *see also* Fed. R. Civ. P. 72(a).

The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial." *United States v. Miller*, 543 F.2d 1221, 1224 (8th Cir. 1976). An indictment is sufficient if it informs the defendant of the charge and permits him to plead his conviction as a bar to another prosecution. *United States v. Buffington*, 578 F.2d 213, 214 (8th Cir. 1978); *U.S. v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982). Federal trial courts have always had broad discretion in ruling upon requests for bills of particulars. *Will v. United States,* 389 U.S. 90, 98-99 (1967).

The joinder of offenses pursuant to Rule 8(a) is allowed in three situations: (1) when the offenses are of the same or similar character; (2) when the offenses are based on the same act or transaction; or (3) when the offenses are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan. *United States v. Rodgers*, 732 F.2d 625, 630 (8th Cir. 1984). The time-period factor is to be determined on a case-by-case approach; there is no per se rule on when the time period between similar offenses is so great that they may not be joined. *Id.* The time period is relative to the similarity of the offenses, and the possible overlapping of evidence. *Id.* Where an indictment joins defendants as well as offenses, the propriety of the joinder of offenses is governed by Rule 8(b), rather than Rule 8(a). *United States v. Mann,* 701 F.3d 274, 289 (2012). Rule 8(b) permits the joinder of two or more defendants "if they are alleged to have participated . . . in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b); *United States v. Jones*, 880 F.2d 55, 62 (8th Cir. 1989). The rule is to be liberally construed in favor of joinder. *Jones,* 880 F.2d at 62.

Relief under Fed. R. Crim. P. 14, on the other hand, lies within the discretion of the trial court. Rule 14 allows the trial court to order severance, even though joinder of offenses or defendants is proper under Rule 8, if it appears that the defendant or government is prejudiced by the joinder. *Jones,* 880 F.2d at 60. A district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *Christian v. Dingle,* 577 F.3d 907,

5

911 (8th Cir. 2009). The risk of prejudice will vary with the facts in each case, and district courts may find prejudice in situations not discussed in caselaw. *Id.*

The statute of limitations for tax offenses is found in 26 U.S.C. § 6531. Under that statute,

> No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years--
> (1) for offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner;
> (2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof;
> (3) for the offense of willfully aiding or assisting in, or procuring, counseling, or advising, the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a false or fraudulent return, affidavit, claim, or document (whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document);
> (4) for the offense of willfully failing to pay any tax, or make any return (other than a return required under authority of part III of subchapter A of chapter 61) at the time or times required by law or regulations;
> (5) for offenses described in sections 7206(1) and 7207 (relating to false statements and fraudulent documents);
> <u>(6) for the offense described in section 7212(a) (relating to intimidation of officers and employees of the United States)</u>;
> (7) for offenses described in section 7214(a) committed by officers and employees of the United States; and
> (8) for offenses arising under section 371 of Title 18 of the United States Code, where the object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof.

26 U.S.C. § 6531 (emphasis added). Section 7212(a), in turn, provides:

> (a) Corrupt or forcible interference.—Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both, except that if the offense is committed only by threats of force, the person convicted thereof shall be fined not more than $3,000, or imprisoned not more than 1 year, or both. The term "threats of force", as used in this subsection, means threats of bodily harm to the officer or employee of the United States or to a member of his family.

26 U.S.C. § 7212(a).

The limitations period for offense of unlawfully and corruptly obstructing and impeding administration of internal revenue laws begins to run on date of the last corrupt act. *United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997); *United States v. Thompson*, 518 F.3d 832, 856 (10th Cir. 2008); *cf. United States v. Marchant*, 774 F.2d 888, 891 (8th Cir. 1985) (stating that although ordinarily the crime of willfully attempting to evade or defeat tax liability is completed when the taxpayer files the tax return with the Internal Revenue Service, courts recognize that the violation can be a "continuing offense" in some circumstances).

The parenthetical language that appears in 26 U.S.C. § 6531(6) does not limit its scope to offenses involving intimidation; rather the six-year limitation period applies to all actions under Section 7212(a). *United States v. Workinger*, 90 F.3d 1409, 1414 (9th Cir. 1996) (concluding, after examining the structure of § 6531, "the parenthetical language in § 6531(6) is descriptive, not limiting."); *see also United States v. Kelly*, 147 F.3d 172, 177 (2d Cir. 1998); *United States v. Kassouf*, 144 F.3d 952 (6th Cir. 1998); *Wilson*, 118 F.3d at 236.

7

III. DISCUSSION

On de novo review, the court finds the magistrate judge correctly concluded that Count I of the superseding indictment is not barred by the statute of limitations. The court agrees with the magistrate judge's assessment that the applicable statute of limitations is six years under 26 U.S.C. § 6531(6). Although the Eighth Circuit Court of Appeals has not weighed in on the issue, the court is confident that it would follow the logic of the Second, Fourth, Sixth, and Ninth Circuits in construing the language of the limitations statute. The government brought the charge of interfering with the administration of internal revenue laws within six years of the last of the series of the defendant's allegedly obstructive acts.

The court finds no clear error, or any error, in the magistrate judge's finding that the superseding indictment adequately informs the defendant of the charges against her under Count I of the indictment. The court's resolution of the statute of limitations issue renders defendant's arguments with respect to the necessity for particularity with respect to framing a statute-of-limitations defense largely moot.

Further, the court agrees with the magistrate judge's assessment of the severance issues. The counts in the superseding indictment are of the same or similar character and are acts or transactions that are connected together and constitute parts of a common scheme or plan. Accordingly, the court finds no clear error in the magistrate judge's denial of the motion to sever counts. The court also agrees that joinder of defendants is proper under Fed. R. Crim. P. 8(b), but that the actions against the defendant should be severed under Fed. R. Crim. P. 14 on the defendant's showing of severe prejudice. Based on its familiarity with the case and the defendants, the court

also agrees with the magistrate judge that if Kozak and co-defendant Randall Due are tried together, "Kozak will suffer undue prejudice because of Due's unpredictability and prolific misunderstanding of the law and issues in this case."

IT IS ORDERED:

1. The F&R of the magistrate judge (Filing No. 291) with respect to the defendant's motions to dismiss (Filing No. 221 and Filing No. 243) is adopted.

2. Defendant's motions to dismiss (Filing No. 221 and Filing No. 243) are denied.

3. Defendant Kozak's objections (Filing No. 298) to the magistrate judge's order (Filing No. 291) on defendant's Motion for Bill of Particulars (Filing No. 241) and Motion to Sever Counts (Filing No. 219) are overruled.

4. The government's objections (Filing No. 304) to the magistrate judge's order granting the defendant's Motion to Sever Co-Accused (Filing No. 217) are overruled.

5. The magistrate judge's order (Filing No. 291) is affirmed in all respects.

6. The Clerk of Court is directed to sever the actions against the defendants.

DATED this 27th day of March, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge