IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>DONNA M. KOZAK,<br><br>　　　　　　Defendant. | 8:12CR344<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the court on a motion in limine filed by the plaintiff United States of America (hereinafter, "the government"), Filing No. 416. The defendant Donna Kozak is charged with corruptly endeavoring to obstruct the due administration of the Internal Revenue laws, in violation of 26 U.S.C. § 7212(a); presenting a false claim against the United States in violation of 18 U.S.C. § 287 (Count II), conspiring to file false liens against United States employees in violation of 18 U.S.C. § 1521 (Count IV), and six counts of filing false liens against United States employees (Counts III, VI-IX). Filing No. 55, Superseding Indictment.

　　　　The government seeks exclusion of evidence of post-indictment acts. It anticipates that the defendant will offer evidence at trial that she complied with tax laws after she was indicted, including the filing of personal income tax returns for tax years 1997 through 2012. It argues that the post-indictment acts are of minimal probative value that is outweighed by the danger of creating "a strong invitation to overlook guilt in favor of rewarding recent reformation." Filing No. 417, Brief at 1. The government urges the court to "require a strong and tightly connected showing how the evidence is

relevant to the various states of mind at issue in this case," before admitting the evidence. It contends that such a tightly connected showing is improbable. *Id.* at 2.

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996).

The court is unable to evaluate the relevance of the challenged evidence in the context of a pretrial motion. Resolution of the issue may depend on what happens at trial and on whether or not the defendant testifies. The government's concerns may warrant a cautionary or limiting instruction, but the court cannot determine the ambit of such an instruction at this time. The defendant is admonished to alert the court prior to eliciting any such evidence at which time the court will address the issue outside the presence of the jury. The court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the

evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. The court finds the motion can be adequately resolved at trial. Accordingly, the court finds that the motion in limine should be overruled at this time, without prejudice to its reassertion at trial.

IT IS ORDERED that the government's motion in limine (Filing No. 416) is overruled, without prejudice to its reassertion at trial

DATED this 23rd day of July, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge